J-S68037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE GRANT | |
| Appellant | No. 3553 EDA 2014 |

Appeal from the PCRA Order December 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014144-2007
CP-51-CR-0014145-2007
CP-51-CR-0014153-2007

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                          **FILED June 24, 2016**

Appellant, Tyrone Grant, appeals *pro se* from the December 4, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court has succinctly set forth the relevant factual history at Appellant's underlying three docket numbers, as follows.

I. CP-51-CR-0014144-2007

On September 4, 2007, Appellant and another male entered into a store located at 15 South 60th Street, Philadelphia, PA which was owned and operated by Complainant, Ali Hussein, whereupon Appellant pointed a gun at Complainant and said "Get on your knees, mother***er or I'll blow your brains out."  Appellant and his co-conspirator took

six hundred dollars ($600) and Complainant's cellular telephone. On September 6, 2007, Philadelphia Police Detectives Joseph Murray and Pelosi presented Complainant with a photographic array and Complainant positively identified Appellant as the person who robbed him in possession of the gun. On September 7, 2007, police officers secured a search and seizure warrant for 133 North 58th Street, Philadelphia, PA where they found Appellant in the rear bedroom in bed, and Appellant was arrested. Recovered from Appellant's bedroom were clothing, sneaker[s], numerous cellular telephones, and proof of Appellant[']s residency at that location. At the time of the robbery, Appellant had a prior criminal record for gun possession.

II. CP-51-CR-0014145-2007

On September 4, 2007, Appellant and another male entered Complainant Grace Kim's store located at 6006 Market Street, Philadelphia, PA while in possession of a handgun, and he placed the gun under Complainant's chin, and demanded that she open the cash register. Appellant and his co-conspirator took five hundred dollars ($500) from the cash register, a cellular telephone, a ring of keys, a rifle, and the video camera surveillance tape. On September 6, 2007, Detectives Murray and Pelosi showed Complainant a photographic array and she positively identified Appellant as the perpetrator of the robbery.

III. CP-51-CR-0014153-2007

On August 29, 2007, Appellant and another male entered the 59th Street Fish Market located at 5933 Market Street, Philadelphia, PA where Complainant Yong Jansen was working, whereupon Appellant jumped over the store counter, placed a gun to Complainants' head, and pushed Complainant to the back of the store. Appellant threatened that if Complainant looked at him, Appellant would kill Complainant and the Complainants' son. Appellant and his co-conspirator took nine hundred dollars

($900) and the [C]omplainant's cellular telephone and then they fled. On September 7, 2007, Philadelphia police officers executed a search and seizure warrant at Appellants' residence located at 133 North 58th Street, Philadelphia, PA where Appellant was found and arrested and the officers recovered Complainants' cellular telephone, among other contraband.

PCRA Court Opinion, 2/12/15, at 3-4.

The PCRA has also recounted the subsequent procedural history as follows.

On September 7, 2007, Appellant was arrested and charged with multiple counts of Robbery, Receiving Stolen Property, Violation of Section 6105 of the Pennsylvania Uniform Firearms Act, Possessing Instruments of Crime, and related offenses. On February 23, 2009, he appeared before th[e trial c]ourt and entered a negotiated plea of *nolo contendere* and was found guilty of those crimes. On April 7, 2009, Appellant was sentenced to serve an [aggregate] sentence of imprisonment of not less than ten (10) nor more than twenty (20) years. Appellant filed Post Sentence Motions and, following a hearing, the Motions were denied on September 24, 2009. On October 26, 2009, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania. On April 5, 2010, Appellant filed a Petition Pursuant to the Post Conviction Relief Act (hereinafter, PCRA) and on March 31, 2011, the PCRA Petition was dismissed due to the pending appeal in the Superior Court of Pennsylvania. On April 6, 2011, the Judgment of Sentence was affirmed. [**Commonwealth v. Grant**, 29 A.3d 824 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 845 (Pa. 2012).] On June 24, 2011, Appellant filed a Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* in the Supreme Court of Pennsylvania and on December 15, 2011, Appellant's Petition was granted. On January 12[, 2012,] Appellant filed a Petition for

Allowance of Appeal in the Supreme Court of Pennsylvania and on June 13, 2012, the Petition for Allowance of Appeal was denied.

On January 10, 2013, Appellant filed the instant PCRA Petition *pro se* and PCRA counsel was appointed. On June 10, 2014, the Commonwealth filed a Motion to Dismiss the PCRA Petition. The Court gave Notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the PCRA Petition without a hearing and on December 5, 2014, the PCRA Petition was dismissed.

*Id.* at 1-2 (some commas added).

On December 8, 2014, Appellant filed a timely notice of appeal.[1] On October 8, 2015, while this appeal was pending before this Court, Appellant, through his appointed counsel, filed a motion requesting to represent himself, and for this Court to remand for a *Grazier*[2] hearing. On November 23, 2015, we granted Appellant's request and remanded this matter for a hearing. The PCRA court held a hearing and on December 31, 2015 entered an order stating in relevant part, as follows.

At the *Grazier* hearing the [PCRA c]ourt conducted a colloquy and found that Appellant voluntarily and intelligently consented to a video hearing in lieu of his physical presence in Court and that he voluntarily, knowingly, and intelligently waives his right to counsel. Appellant is therefore permitted to proceed *pro se* and has been advised that he shall file a brief within thirty days [of this order].

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

PCRA Court Order, 12/31/15, at 1. Accordingly, Appellant's *pro se* appeal is now properly before us for review.

On appeal, Appellant raises the following issue for our review.

> I. Did the trial court erred [sic] in not reinstating [A]ppellant's appeal rights from the judgment of sentence *nunc pro tunc* because counsel on appeal from the judgment of sentence in the above matter was ineffective?

Appellant's Brief at 2.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Instantly, Appellant's two-page argument asserts that direct appeal counsel was ineffective for not "rais[ing] any issues on appeal that could be

adjudicated." Appellant's Brief at 7. Appellant further asserts that this Court held that the only issue raised by direct appeal counsel was waived. *Id.* Appellant asserts there were "substantial questions that counsel could and should have raised showing that the sentence imposed was unreasonable … because the trial court ran the two sentences consecutive." *Id.* at 7-8. Further, Appellant argues his 25 year probation sentence "raises a substantial question as to the disparity of sentence[.]" *Id.* at 8.

When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and internal quotation marks omitted). "Failure to establish any

prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

Instantly, we first observe that direct appeal counsel filed an appeal on Appellant's behalf challenging the discretionary aspects of his sentence. Further, we note that this Court did not find Appellant's claim waived, but rather concluded that Appellant's claim that the sentencing court failed to weigh certain factors did not raise a substantial question. *Grant*, *supra* at 5. Accordingly, Appellant's claim that direct appeal counsel did not advance any claims on appeal, or paradoxically that the only claim he raised was waived, is without merit. Thus, the PCRA court did not err in concluding counsel was not ineffective in this regard. *Michaud*, *supra*; *Birdsong*, *supra*.

Appellant also baldly argues counsel was ineffective for failing to raise a claim that the trial court abused its discretion by running his sentences consecutively and for adding a 25 year consecutive probationary term, resulting in a disparate sentence. Appellant's Brief at 7. We note that it is within the trial court's discretion to impose a consecutive rather than a concurrent sentence. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015). Significantly, "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." *Id.* Nevertheless, "we have recognized that a sentence can

be so manifestly excessive in extreme circumstances that it may create a substantial question." ***Id.*** (citation omitted). The focus in such determinations is "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***Id.*** at 133-134 (citation omitted).

Appellant does not attempt to argue that the aggregate sentence was excessive in light of his criminal conduct nor explain how this claim would have been successful if raised by counsel on direct appeal. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011); ***see also generally*** Pa.R.A.P. 2119. Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012), *quoting* ***In re W.H.***, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011); ***see also generally*** Pa.R.A.P. 2119(a). Therefore, Appellant's claim is waived.

Based on the foregoing, we conclude that Appellant's claims are waived or devoid of merit. Accordingly, we affirm the PCRA court's December 4, 2014 order dismissing Appellant's PCRA petition.[3]

Order affirmed. Application for extension denied. Application to dismiss denied.

Judge Donohue did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

_____

[3] Based on our disposition, Appellant's motion application for an extension of time to file a reply brief is denied as moot. Additionally, we deny Appellant's February 8, 2016 motion to dismiss for lack of subject matter jurisdiction.